Whitehead, J.
Introduction
The defendant stands indicted on charges of armed robbery and assault and battery by means of a dangerous weapon. He has moved to suppress certain evidence which was seized from an apartment by Lawrence Police officers on May 20, 1995. The Court held a hearing on the motion on June 7, 1996. The following constitute the Court’s findings of fact, rulings of law and order on the motion.
Findings of Fact
On April 22, 1995, one Han Cho reported to the Lawrence Police that he had been robbed of $11,000' at gunpoint. He gave a description of his assailant and identified him by name as “Winston Noodles.” The police were unable to locate a suspect.
On May 20, 1995, Mr. Cho, who had been in communication with the police on at least three occasions since the initial report, brought the police to 197 Bruce Street, in Lawrence, and pointed out a dwelling there as the place where his assailant could be found. As officers approached the building with Mr. Cho, the defendant stepped onto the porch from inside of the building. At that point, Mr. Cho identified him as the robber, and the police placed him under arrest.
While the arrest was taking place, a woman, later identified as one Carmen Perez, also walked out of the building and asked what was going on. The police advised her that they were arresting the defendant for armed robbery, and they further stated that they were looking for the gun which had been used in the robbery. Ms. Perez invited the officers into the house and directed them to a bedroom inside of a first-floor apartment. From the bedroom, the officers recovered a single live 9 mm. round and a locked box, inside of which was a sum of cash. The officers possessed no warrant for the arrest or for the search and seizure.
The premises at 197 Bruce Street consist of a multifamily dwelling. The door out of which both the defendant and Ms. Perez walked enters directly and exclusively into the apartment in which the search and seizure occurred. The apartment is comprised of a kitchen, a living room, and at least the one bedroom referenced previously. There is no competent evidence concerning Ms. Perez’s rights of ownership in or occupancy of the apartment.[1]
The principal evidence relative to the defendant’s connection to the apartment consisted of the following testimony of a police officer concerning a hearsay statement of Ms. Perez:[2]
[W]e asked her if (the defendant] resided there and she said he was going out with her daughter and that he stayed there sometimes and she led us to [the bedroom].
The Court infers from Ms. Perez’s statement that the defendant “sometimes” spent the night with Ms. Perez’s daughter at the apartment, and no more.[3] The Court makes no inference as to how often that occurred or whether the defendant had slept at the apartment on the night preceding his arrest.[4] From the fact that the defendant was walking out of the doorway which entered into the foyer of the apartment, the Court infers that the defendant had been in the apartment for some period of time (how long is unknown) immediately before his arrest.
Rulings of Law
The motion to suppress is resolved on the threshold issue of standing. In order to challenge the validity of a search conducted by law enforcement authorities, a defendant in a criminal case must demonstrate that he possessed a “reasonable expectation of privacy” in the premises which were searched. Commonwealth v. Glowacki, 398 Mass. 507, 512 (1986). Here the defendant has not made the required demonstration. The totality of the evidence concerning the defendant’s connection to the apartment is that he “sometimes” stayed there with Ms. Perez’s daughter. The Court cannot conclude that he owned the premises, that he was a tenant, that he lived at the apartment on a regular basis or even that he was present inside of the apartment when the search was conducted. Thus, he has no standing to challenge the search. Compare Commonwealth v. Mattos, 404 Mass. 672, 680 (1989) (“Because the defendant did not live in the [subject] apartment and was not present at the time of the search, he has no standing to challenge the search and seizure”); Commonwealth v. Mora 402 Mass. 262, 265 (1988) (No standing where “[a]t the hearing on the motion, the defendant did not claim to be the tenant, to have lived in the apartment, or to have been present at the time of the search. As far as the hearing on the motion shows, this apartment was the home of some unknown third party”).
The facts of this case are strikingly similar to those presented in Box v. Petsock, 697 F.Supp. 821, 827-28 (M.D. Pa., 1987). There, the defendant challenged the search of an apartment which was occupied by a woman. He explained his connection to the apartment as follows:
*538 Q. Did you have an apartment here in Harrisburg?
A. No, sir, I never had an apartment here in this City, no sir.
Q. Did you live in the apartment over Penn Photo on Third Street?
A. Let me explain this to you. The young lady that was living there by the name of Nellie, I can’t really pronounce the name. She was living there, right. I knew the young lady. I used to go there, in and out, you know, but I never lived there.
‡***********
Q. Did you ever stay with her in [the apartment above the Penn Photo store]?
A. I have been there a couple of times, yes, sir.
Q. Did you ever spend the night?
A. Yes sir.
Q. Did you ever have any clothes that you kept up there?
A. Did I ever have any clothes? Maybe I had a couple pieces of clothes, yes . . . Maybe, I don’t remember, Sir.
Q. While you were in this Harrisburg area, what did you do with your personal belongings, your clothes?
A. I told you this was never my permanent address. I told you that I was to and fro.
Q. You said on your direct testimony one of the ways you were getting money to live was off of DPA. Were you getting assistance in Harrisburg?
A. Yes 1 were. I said that was one of the ways — didn’t say that was the only way.
Q. To get assistance you have to have an address. What address did you give them as your address in Harrisburg?
A. I gave them an address on Third Street at the youth Place, that is what I am trying to bring out.
Q. The youth center?
A. 1 don’t know the name of it.
On the basis of that evidence, the court characterized the defendant as an “occasional guest” at the apartment, and it concluded that he did not have a legitimate expectation of privacy therein sufficient to confer standing upon him to challenge the search.
On the limited evidence before this Court, the defendant here can best be described as an “occasional guest” in the apartment as well. Given that fact, and given that, like the defendant in Box he was not on the premises at the time of the search, he, again like the defendant in Box, lacks standing to challenge the search.
ORDER
For the reasons stated above, the Court ORDERS that the motion to suppress be DENIED.

Police -witnesses testified as to certain statements which Ms. Perez made to them at the time. However, insofar as those statements were indicative of her ownership and occupancy of the apartment, they were hearsay, and proper and timely objection was made to them by the defendant. The Court cannot consider them as substantive evidence on the point.

No timely objection was made to the testimony.

In fact, for what it is worth, the defendant told the police at his booking that he did not reside at 197 Bruce Street.

Both male and female clothing was found in the apartment. There was no evidence linking the male clothing specifically to the defendant, and the Court therefore draws no connection in that regard.